IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

JUAN SANTOS GOMEZ CARRANZA
c/o 519 H Street NW
Washington, DC 20001
(Montgomery County)

    Plaintiff,

v.

YI PIN LLC
16051 Frederick Road
Derwood, MD 21043
(Montgomery County)

LI LI
3464 Orange Grove Court
Ellicott City, MD 21043
(Howard County)

    Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

# COMPLAINT

1. While Plaintiff worked at Defendants' restaurant, Defendants paid Plaintiff a flat semi-monthly salary that denied him minimum and overtime wages.

2. Plaintiff brings this action against Yi Pin LLC and Li Li ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff Juan Santos Gomez Carranza is an adult resident of Montgomery County, Maryland.

6. Defendant Yi Pin LLC is a Maryland corporation. Its principal place of business is located at 16051 Frederick Road, Derwood, MD 21043. Its resident agent for service of process is Li Li, 3464 Orange Grove Court, Ellicott City, MD 21043.

7. Defendant Li Li is an adult resident of Maryland. She resides at 3464 Orange Grove Court, Ellicott City, MD 21043. She is an owner and member of Defendant Yi Pin LLC. She exercises control over the operations of Yi Pin LLC — including its pay practices.

## Factual Allegations

8. Defendants own and operate Yi Pin, a restaurant located at 16051 Frederick Road, Derwood, MD 21043.

9. Plaintiff worked for Defendants at Yi Pin from approximately August 23, 2024 through approximately December 19, 2025.

10. Plaintiff worked for Defendants at Yi Pin as a kitchen laborer.

11. Plaintiff's job duties at Yi Pin primarily consisted of: washing and cutting meats, poultry, and vegetables; washing dishes; and cleaning the kitchen.

12. Plaintiff typically and customarily worked six days per week for Defendants, Wednesday through Monday.

13. Plaintiff typically and customarily worked an average of approximately fifty-nine hours per week for Defendants.

14. At all relevant times, Defendants paid Plaintiff a semimonthly salary of $1,400.00, or an effective hourly rate of approximately $10.95.

15. At all relevant times, Defendants paid Plaintiff by check, with no accompanying paystub.

16. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

17. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

18. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

19. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable minimum wage.

20. At all relevant times, Defendants employed between eleven and fifty employees.

21. At all relevant times, Maryland required Defendants to pay Plaintiff at least $15.00 per hour. Md. Code, Lab. & Empl. Art. § 3-413.

22. Montgomery County required Defendants to pay Plaintiff at least $15.50 per hour from July 1, 2024, through June 30, 2025, and at least $16.00 per hour since July 1, 2025. Montgomery County Code, § 27-68.

23. Defendants owe Plaintiff approximately $28,706.28 in minimum and overtime wages (excluding liquidated damages).

24. Defendant Li Li set Yi Pin's hours of operation.

25. Defendant Li Li has hired and fired employees at Yi Pin.

26. Defendant Li Li hired supervisors and managers to assist with the day-to-day operations of Yi Pin.

27. Defendant Li Li had the authority to set Plaintiff's rate and manner of pay.

28. Defendant Li Li had the authority to set Plaintiff's work schedule.

29. Defendant Li Li had the authority to supervise and control Plaintiff's work.

30. Defendant Li Li had the authority to sign checks on behalf of Yi Pin LLC.

31. Defendant Li Li signed checks on behalf of Yi Pin LLC.

32. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

33. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff the applicable minimum wage.

34. At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiff all wages legally due to him.

35. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

36. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

37. At all relevant times, Defendants had employees who handled food products, such as rice, chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

38. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

39. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

40. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

41. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

42. Defendants' violations of the FLSA were willful.

43. For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

44. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

45. Each Defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

46. The MWHL requires that employers pay non-exempt employees at least $15.00 per hour from January 1, 2024 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

47. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

48. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

49. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

50. For their violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

51. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

52. Each Defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

53. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

54. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

55. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

56. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

57. For their violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$91,659.75**, and grant the following relief:

    a.    Award Plaintiff $86,118.85, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii.    three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

    b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.    Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $5,135.90);

    d.    Award Plaintiff court costs (currently, $405.00); and

    e.    Award any additional relief the Court deems just.

January 26, 2026                                       Respectfully submitted,

                                                       **DCW**<small>AGE</small>**L**<small>AW</small>

                                                       By: /s/ Justin Zelikovitz
                                                       JUSTIN ZELIKOVITZ, #17567
                                                       JONATHAN P. TUCKER, #18376
                                                       519 H Street NW
                                                       Washington, DC 20001
                                                       Phone: (202) 803-6083
                                                       Fax: (202) 683-6102
                                                       justin@dcwagelaw.com
                                                       jt@dcwagelaw.com

                                                       *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

                                                       By: /s/ Justin Zelikovitz
                                                       JUSTIN ZELIKOVITZ, #17567